# EXHIBIT 1

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 12:28 PM 06/12/2013*
*FILED 12:28 PM 06/12/2013*
*SRV 130766263 - 2521169 FILE*

## AMENDED AND RESTATED
## CERTIFICATE OF INCORPORATION
## OF
## THE BIG TWELVE CONFERENCE, INC.

(Pursuant to Sections 242 and 245 of the
General Corporation Law of the State of Delaware)

The Big Twelve Conference, Inc., a corporation organized and existing under and by virtue of the provisions of the General Corporation Law of the State of Delaware (as now in effect and as in the future may be amended, the "DGCL"),

**DOES HEREBY CERTIFY:**

1.    That the name of this corporation is The Big Twelve Conference, Inc., and that this corporation was originally incorporated pursuant to the General Corporation Law on June 30, 1995, under the name The Big Twelve Conference, Inc.

2.    This corporation filed a Restated Certificate of Incorporation of The Big Twelve Conference, Inc. with the Secretary of State of the State of Delaware on April 15, 1996.

3.    This Amended and Restated Certificate of Incorporation of The Big Twelve Conference, Inc. restates and amends such Restated Certificate of Incorporation and was duly adopted in accordance with the provisions of the DGCL.

4.    The text of the Certificate of Incorporation of The Big Twelve Conference, Inc. is hereby amended and restated in its entirety to read as follows:

**FIRST:** The name of the corporation (the "Corporation") is The Big 12 Conference, Inc.

**SECOND:** The registered office of the Corporation in the State of Delaware is located at 1209 Orange Street, City of Wilmington, County of New Castle, and its registered agent is the Corporation Trust Company.

**THIRD:** The purposes for which the Corporation is organized are to control and regulate intercolleagiate athletics as institutional activities, to encourage sound academic practices for student-athletes and to establish harmonious intercollegiate relationships among member institutions; and accordingly, the Corporation is empowered to engage in any lawful act or activity for which nonprofit, non-stock corporations may be organized under the DGCL and to conduct or promote any lawful business or purposes not inconsistent with Articles Third, Fourth and Fifth hereof. The Corporation shall be a nonprofit corporation and shall not have authority to issue capital stock.

**FOURTH:** The Corporation is organized exclusively for charitable, educational and scientific purposes, including the making of distributions to other organizations for such purposes, but only to the extent and in such manner that such purposes constitute exclusively charitable, educational or scientific purposes within the meaning of Section 501(c)(3) of the

2389558.3

Internal Revenue Code of 1986 (the "Code") (or the corresponding provision of any future United States Internal Revenue law). The Corporation is organized exclusively for the benefit of the members of the Corporation, including current members so long as they remain members of the Corporation, and any future members.

FIFTH: No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to, its directors, officers, or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in Article Third and Fourth hereof. No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence public legislation, and the Corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.

Notwithstanding any other provisions of this Certificate of Incorporation, the Corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from Federal income tax under Section 501(c)(3) of the Code (or the corresponding provision of any future United States Internal Revenue law) or (b) by a corporation, contributions to which are deductible under Section 170(c)(2) of the Code (or the corresponding provision of any future United States Internal Revenue law).

SIXTH: The affairs and business of the Corporation shall be managed and conducted by a Board of Directors in accordance with the Bylaws. The directors shall elect the regular officers of the Corporation in the manner provided by the Bylaws. To the fullest extent permitted by the DGCL, a director of this Corporation shall not be liable to the Corporation or its members for monetary damages for breach of fiduciary duty as a director.

SEVENTH: Membership in the Corporation shall be determined in accordance with the provisions set forth in the Bylaws, but shall be limited to colleges and universities that are exempt from taxation pursuant to Section 115 of the Code as a state or local government or Section 501(a) of the Code as an organization described in Section 501(c)(3) of the Code (or the corresponding provision of any future United States Internal Revenue law). A new member may be added or a current member may be removed only in accordance with the Bylaws.

EIGHTH: Upon the dissolution of the Corporation, the Board of Directors shall, after paying or making provision for the payment of all of the liabilities of the Corporation, distribute the remaining assets of the Corporation to its members equally, but if at the time of dissolution any member is not qualified for exempt status either as an exempt organization under Section 501(c)(3) of the Code or as a state of local government under Section 115 of the Code (or the corresponding provision of any future United States Internal Revenue law), such member's share shall be reallocated among the other qualified members. If no member is qualified under such provisions of the Code, then the Board of Directors shall distribute the remaining assets for one or more exempt purposes within the meaning of 501(c)(3) of the Code (or the corresponding provision of any future United States Internal Revenue law) or shall distribute such assets to the Federal government, or to a state or local government, for a public purpose, as the Board of Directors shall determine. Any such assets not disposed of shall be disposed of by the Court of Chancery of the State of Delaware in and for the county in which the

2

2389558.3

registered office of the Corporation in Delaware is then located, exclusively for such purposes, or to such organization or organizations, as such Court shall determine, which are organized and operated exclusively for such purposes.

**NINTH:** The Corporation shall indemnify the directors, the Faculty Athletics Representatives, the Athletics Directors, Senior Woman Administrators, officers and the Corporation staff, or any of them, and may indemnify others as permitted by the DGCL as authorized by the Board of Directors (each, a "Covered Person"), against any costs (including attorneys' fees), expenses, judgments, fines, and other amounts reasonably incurred by such Covered Persons, or any of them in connection with any claim demand, suit, or proceeding, civil or criminal, arising out of and related to acts performed while such Covered Persons are serving in official capacities on behalf of the Corporation (including but not limited to persons serving as officers or committee members) to the fullest extent permitted under the DGCL. In addition, the Corporation may enter into such agreements to indemnify any or all Covered Persons, or purchase and maintain insurance coverage by or on their behalf, as approved by the Board of Directors.

**TENTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Board of Directors is expressly authorized and empowered, in the manner provided in the Bylaws of the Corporation, to make, alter, amend and repeal the Bylaws of the Corporation in any respect not inconsistent with the laws of the State of Delaware or with this Certificate of Incorporation.

**ELEVENTH:** The Corporation reserves the right to amend, alter, change, or repeal any provision contained in this Certificate of Incorporation in the manner now or hereafter prescribed by law; provided, however, that no amendment shall authorize the Board of Directors or the members to conduct the affairs of the Corporation in any manner or for any purpose contrary to the provisions of Section 501(c)(3) of the Code (or the corresponding provision of any future United States Internal Revenue law).

**TWELFTH:** The number and appointment of directors shall be determined in the manner provided herein and in the Bylaws.

**THIRTEENTH:** Except for those rights expressly vested in the members as set forth in the Bylaws, all powers of the Corporation are hereby vested in the Board of Directors. Accordingly, to the extent that the members have any rights under the DGCL to take any action for or on behalf of the Corporation, the members and the Corporation acknowledge and agree that the members may take any such action acting in unanimity only, and each member shall be entitled to one vote on all such matters submitted to a vote at a meeting of members.

**FOURTEENTH:**

A.    Except as set forth in Section 1.5.2 of the Bylaws (or its successor), the Board of Directors may take action on any matter in accordance with the Bylaws by: (i) written consent signed by all directors who are Disinterested Directors (as defined below) with respect to the matter being voted on, in accordance with Section 1.6.8 of the Bylaws (or its successor); or (ii) the affirmative vote of a majority of the Disinterested Directors

3

2389558.3

Entitled to Vote (as defined below) Present (as defined below) at a duly called meeting at which a quorum is Present in accordance with Section 1.6.7 of the Bylaws (or its successor). For purposes hereof, the following defined terms have the meanings ascribed to them below:

    i.    The term "Disinterested Director(s)" with respect to any issue shall mean each  person who: (i) is then duly qualified and serving as a member of the Board of Directors pursuant to Sections 1.5.3 and 1.5.4 of the Bylaws (or their respective successors); (ii) is the director representative of a member that has not Withdrawn (as defined in the Bylaws) and has not been precluded from voting on the matter in question as a Sanctioned (as defined in the Bylaws) member; and (iii) is not an Interested Director (as defined below) with respect to such issue.

    ii.    The term "Disinterested Director(s) Entitled to Vote" with respect to any issue shall mean each Disinterested Director who: (i) is Present at a duly called meeting at which such issue is to be considered; or (ii) signs a written consent with respect to such issue in accordance with Section 1.6.8 of the Bylaws (or its successor).

    iii.    The term "Interested Director(s)" with respect to any issue means any director who has personally, or as to which the member that such director represents has institutionally, a direct or indirect material interest in the subject matter of the issue (or series of related issues) being considered by the Board of Directors, that, in the judgment of a majority of the other directors who are not Interested Directors with respect to such issue or series related issues, could reasonably be expected to impact adversely the objectivity of such director in voting on such issue or issues. The interests that all members have in common as the beneficial members of the Corporation (even if such interests have disparate effects among members) will not, in and of itself, cause the director representing such member to be an Interested Director with respect to an issue or issues impacting all Members as the beneficial members of the Corporation. Any director who has been determined to be an "Interested Director" in accordance with the foregoing may appeal such determination only in accordance with the following: (i) such director shall submit a written appeal to the Commissioner and the highest ranking officer of the Board of Directors who has not been determined to be an Interested Director with respect to such issue, if any; (ii) the Commissioner and such highest ranking officer (if any) shall mutually determine and promptly notify such Interested Director with respect to their (or if there is no such officer, the Commissioner's) determination on the matter, which determination shall set forth whether such director is deemed to be an "Interested Director" on the matter in question; and (iii) the determination made by the Commissioner and any such highest ranking officer of the Board of Directors shall be final and binding on the director(s) appealing the initial determination by the other directors.

    iv.    The term "Majority of Disinterested Directors" with respect to any issue shall mean a majority of all persons who are Disinterested Directors with

4

2389558.3

respect to such issue, whether or not they are Present at a meeting considering such issue or sign a written consent with respect to such issue.

v.      The terms "Present" or "Presence" as used in herein with respect to any meeting of the Board of Directors or a meeting of a committee designated by the Board of Directors shall mean participation by a person in person at or by means of Remote Access (as defined in the Bylaws) in the meeting.

vi.     The term "Supermajority of Disinterested Directors" with respect to any issue shall mean seventy-five percent (75%) or more of all persons who are Disinterested Directors with respect to such issue, whether or not each is Present at a meeting considering such issue or signs a written consent with respect to such issue.

B.      The number of members of the Board of Directors shall equal the number of members in the Corporation that have not Withdrawn or are subject to Sanctions that preclude representation on the Board of Directors, consisting of one (1) representative for each such member, who shall be the most senior campus executive officer (President or Chancellor) (the "Chief Executive Officer") of each member.  Prior to each Annual Meeting (as defined in the Bylaws) held pursuant to Section 1.6.1 of the Bylaws (or its successor), each member shall certify to the Corporation the name of its Chief Executive Officer and such person shall be automatically appointed as a director as provided in the Bylaws and shall hold office until his or her successor has been appointed; provided, however, that each member shall be deemed to have certified to the Corporation that there has been no change in its Chief Executive Officer then serving on the Board of Directors if the Corporation does not receive such certification at or prior to an Annual Meeting.  Such appointment is automatic and no other vote or action of the members or directors shall be required to elect or appoint as a director the individual certified as the Chief Executive Officer of a member. Because of the special relationship of the directors to the members, a director may not be removed as long as the director is the Chief Executive Officer of a member.

C.      In the case of a director's death, disqualification, resignation or removal from office as the Chief Executive Officer of a member (excluding directors representing members that have Withdrawn or are subject to Sanctions that preclude representation on the Board of Directors) then (i) such director shall thereafter no longer be a director or member of the Board of Directors for any purpose (without the need for any additional action by the Board of Directors or the Corporation) and (ii) the member whose Chief Executive Officer created such vacancy shall as soon as is reasonably possible thereafter certify to the Corporation the name of its successor Chief Executive Officer and such person shall be automatically appointed to serve as a director; provided, however, that for the period beginning on the date such vacancy was created and the date on which a new Chief Executive Officer of such member is hired, certified and appointed as a director, the member may appoint an individual to serve as the member's director representative in such interim period.  Similarly, in the event the number of directors is increased due to an increase in the number of members, the additional member(s) shall certify to the Corporation the name of its Chief Executive Officer and such person(s) shall be

5

2389558.3

automatically appointed to serve as a director(s) and shall serve until his or her successor has been appointed.

D.    It is the intent of all members that persons elected as directors fulfill their fiduciary duties of care by attending meetings and otherwise participating in Board of Directors and Committee (as defined in the Bylaws) meetings to the maximum extent possible and that directors shall not act by proxy. However, the members acknowledge that from time to time, legitimate reasons may cause an elected director to be unable to be Present at a given Board of Directors or Committee meeting. In such events, to avoid disenfranchisement of the member at that meeting, the members authorize the Commissioner, after consultation with the director in question, in the Commissioner's sole discretion (subject to a contrary determination by the Executive Committee), to consider authorizing that director to appoint a substitute (a "Substitute") to participate as the director representing such member at a given Annual Meeting, Regular Meeting, or Special Meeting (each as defined in the Bylaws) to act in the director's stead at such meeting. In the event that the Commissioner approves the appointment of a Substitute director for such meeting, the director who will be absent will be deemed to resign from the Board of Directors for such meeting and the Substitute representative shall be deemed to be appointed to serve on the Board of Directors for purposes of such meeting only, without the need for further action by the Board of Directors, and all such Substitutes shall count as directors for purposes of establishing a quorum, determining votes, and for all other purposes at such meeting, except as set forth in Section 1.5.5.2 of the Bylaws. At the conclusion of such meeting, the Substitute shall be deemed to have resigned and the original director to have been reappointed to his or her position effective as of the adjournment of such meeting.

E.    Except as may be otherwise specifically provided by statute, by this Certificate of Incorporation or by the Bylaws, seventy percent (70%) or more of the Disinterested Directors with respect to the matters to be considered at any meeting shall constitute a quorum for the transaction of business; provided, however, that if less than seventy percent (70%) or more of such Disinterested Directors are present at said meeting, a majority of such Disinterested Directors present may adjourn the meeting from time to time without further notice. The directors present at a duly called or held meeting at which a quorum is present may continue to do business until adjournment, notwithstanding the withdrawal of enough directors to leave less than a quorum. The vote of a director on any matter shall not be divulged by the Corporation or by any other director in press announcements, unless such director expressly consents in advance to such disclosure; provided, however, that nothing herein shall prevent the Corporation or the directors from divulging the total number of votes for or against or abstaining from a vote. Once a quorum is present at a meeting, business may continue to be conducted at the discretion of the Chair of the Board even if directors subsequently leave the meeting.

F.    Any action that is required to be or may be taken at a meeting of the directors may be taken without a meeting if consents in writing, setting forth or indicating by reference to a separate communication the action(s) to be taken, are signed by all of the Disinterested Directors with respect to the issue subject to such action. Such consents shall have the same force and effect as a unanimous vote of the directors at a meeting

6

duly held, and may be stated as such in any certificate or document filed under the DGCL. Such consents shall be filed with the minutes of the meetings of the Board of Directors.

**IN WITNESS WHEREOF**, the Corporation, as authorized and directed by its Board of Directors, has caused this Amended and Restated Certificate of Incorporation to be executed by its Commissioner, this 7th day of June, 2013.

Robert A. Bowlsby, II
CEO/Commissioner

7

2389558 3